**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

**LAW OFFICE OF ALBERT R. LIMBERG**
Albert R. Limberg, Esq. (211110)
alimberg@limberglawoffice.com
3667 Voltaire Street
San Diego, CA 92106
Telephone: (619) 344-8667

*Attorneys for Plaintiff,*
Frank Bennett

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION; AND, TRANS UNION LLC,<br><br>Defendants. | Case No.: '24CV0295 W    MMP<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **FAIR CREDIT REPORTING ACT; AND,**<br><br>II.  **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

3. FRANK BENNETT ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of NAVY FEDERAL CREDIT UNION ("NFCU"); and, TRANS UNION LLC ("Trans Union") with regard to attempts by NFCU to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); and, (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Diego County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in Spring Valley, California, from whom NFCU sought to collect a debt which was alleged to be due and owing from Plaintiff.

14. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c).

15. NFCU is a credit union operating from the State of Virginia.

16. NFCU is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Trans Union is a corporation located in the State of Pennsylvania.

18. Trans Union is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

19. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

20. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff is an individual residing within the State of California.

22. From 2019-2020, Plaintiff was an active-duty member of the United States Navy and assigned to Helicopter Maritime Strike Squadron SEVEN-EIGHT.

23. Plaintiff was deployed or on detachments as an active member of the United States Navy from September 2019 through December 2020.

24. At that time, Plaintiff had two loans with NFCU, a personal loan and an automobile loan.

25. When Plaintiff returned from his assignment, he entered into a payment agreement regarding NFCU loans.

26. On December 15, 2020, Plaintiff entered into a payment plan agreement with NFCU for payment of $150.00 per month to satisfy the monthly obligation of the personal loan.

27. On August 15, 2021, Plaintiff entered into a payment plan agreement with NFCU for payment of $350.00 per month to satisfy the monthly obligation of the auto loan.

28. On February 1, 2023, NFCU drafted a letter stating that Plaintiff was in compliance with the terms of the payment plan agreement for the $350 per month payment plan.

29. NFCU's February 1, 2023 written communication further noted that Plaintiff has been in compliance with the payment arrangement since its inception on August 15, 2021.

30. Similarly on June 15, 2023, NFCU drafted a letter stating that Plaintiff was in compliance with the terms of the payment plan agreement for the $150 per month payment plan.

31. NFCU's June 15, 2023 written communication further noted that Plaintiff has been in compliance with the payment arrangement since its inception on December 15, 2020.

32. Despite entering into and being in compliance with the payment plans, NFCU continued to report Plaintiff delinquent on both accounts.

33. In or around July 2023, Plaintiff submitted written disputes with supporting documentation to Experian, Trans Union, Equifax, Innovis and NFCU.

34. Plaintiff submitted another round of written disputes with supporting documentation to Experian, Trans Union, Equifax, Innovis and NFCU in or around November of 2023.

35. On December 7, 2023, Plaintiff received correspondence from Trans Union that they verified the disputed information and would not delete the derogatory marks on Plaintiff's credit.

36. On December 14, 2023, Plaintiff received correspondence from Innovis stating they would delete the disputed information.

37. Plaintiff is currently unaware of the findings of Experian and Equifax's investigations of the dispute.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

38. NFCU was required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

39. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

40. Plaintiff was initially relieved when Innovis deleted the misleading reporting on his credit report.

41. Unfortunately, Plaintiff's relief was short lived when he discovered that Trans Union verified the misleading information as reported by NFCU.

42. To date, the NFCU's derogatory reporting appears on Plaintiff's Trans Union credit reports.

43. NFCU submits credit information regarding Plaintiff to the Credit Bureaus every thirty days.

44. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

45. Defendants' investigations were unreasonable.

46. More specifically, NFCU should have discovered from NFCU's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing that Plaintiff's NFCU debts needed to be updated.

47. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed; and, to not contact NFCU.

48. The unreasonableness of these investigations is further established by the fact that Innovis correctly determined that Plaintiff was not responsible for the debt.

49. Accordingly, NFCU failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

50. NFCU failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

51. Due to NFCU's failure to reasonably investigate, NFCU further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of misleading information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

52. By misleadingly reporting account information after notice and confirmation of its errors, NFCU failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and (E).

53. Through this conduct, violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that NFCU knew or should know was inaccurate.

54. Trans Union also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

55. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

56. Defendants' continued misleading and negative reporting of the misleading information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

57. Defendants' continued negative reporting of the misleading information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

58. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting misleading information.

59. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

60. Defendants' misleading and negative reporting damaged Plaintiff's creditworthiness.

61. Defendants' conduct has caused Plaintiff emotional distress.

62. Plaintiff has spent countless hours disputing this misleading information with Defendants in an attempt to provide any and all information needed for the investigations.

63. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

64. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

65. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

66. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

derogatory information, without success.

67. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

68. Similarly, Trans Union also received documents in connection with Plaintiff's dispute that directly contradicted the misleading credit reporting.

69. These documents should have caused Trans Union to remove the misleading information from Plaintiff's credit report.

70. By intentionally reporting continuing obligations, Trans Union acted in conscious disregard for Plaintiff's rights.

71. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

72. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681-1681X (FCRA)
## [AGAINST ALL DEFENDANTS]

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

75. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

76. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
## [AGAINST ALL DEFENDANTS]

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

79. In the regular course of its business operations, NFCU routinely furnishes information to credit reporting agencies pertaining to transactions between NFCU and NFCU consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

80. Because NFCU is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), NFCU is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

81. Since NFCU received all documents required to determine the inaccuracy of NFCU's reporting, NFCU should have known to update said reporting.

82. NFCU also should have determined that NFCU's reporting was misleading through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

83. Attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from NFCU.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; and, CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

84. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 14, 2024                                          Respectfully submitted,

                                                                  **LOKER LAW, APC**

                                              By: ___/s/ Matthew M. Loker___
                                                    MATTHEW M. LOKER, ESQ.
                                                    ATTORNEY FOR PLAINTIFF