UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENNETT,<br><br>                      Plaintiff,<br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>                      Defendant. | Case No.: 24-cv-00295-W-MMP<br><br>**ORDER:**<br><br>**1. GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER; AND**<br><br>**2. EXTENDING FACT DISCOVERY CUTOFF ONLY**<br><br>[ECF No. 36] |

  Before the Court is the parties' joint motion to amend the scheduling order. [ECF No. 36.] First, the parties seek to extend the fact discovery cutoff of October 25, 2024 by forty-five (45) days, or in the alternative, twenty-one (21) days following a ruling on the parties' discovery disputes. The parties represent they have engaged in substantial discovery, stating Defendant served its responses to written discovery, and Plaintiff's responses are due by October 21, 2024 based on the parties' agreement. The parties have also engaged in several depositions, though Plaintiff's deposition has not yet occurred as

the parties agreed to postpone it until after Plaintiff responds to written discovery. [*Id.* ¶¶ 3–4.] The parties also represent they are "conferring regarding two pending discovery disputes and anticipate requesting a Discovery Conference with the Court." [*Id.* ¶ 4.] In addition, the parties seek to extend all other scheduling order deadlines by thirty (30) days. [*Id.* at 2, ¶ 7.]

A party seeking to modify the scheduling order must demonstrate good cause. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also* Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, ECF No. 28 at ¶ 20 ("The dates and times set forth herein will not modified except for good cause shown."); Chambers Rule VIII ("As provided in Fed. R. Civ. P. 16(b)(4), modification of the Scheduling Order requires the approval of the Court and good cause. The Rule 16 'good cause' standard focuses on the reasonable diligence of the moving party."). Courts have broad discretion in determining whether good cause exists. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The Ninth Circuit has instructed the good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Id.* at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. [ ] If that party was not diligent, the inquiry should end.") (internal citation omitted).

The Court finds it difficult to determine whether the parties have been diligent based on the joint motion. For example, the parties agreed to extend the deadline for Plaintiff to serve written discovery responses until October 21, 2024—four days before the current fact discovery deadline—and then agreed to postpone Plaintiff's deposition until after responses have been served. The parties do not address why Plaintiff's deadline for discovery responses was extended, so it is unclear whether the parties have been diligent. Nor do the parties indicate why an additional forty-five (45) days is necessary. Though the parties identify "two pending discovery disputes," they have not yet raised any disputes with the Court, and without knowing the basis for the disputes, it is unclear why the Court would need to extend the deadline to complete *all* fact discovery. Thus, it is unclear

whether good cause exists to extend the discovery cutoff by the requested forty-five (45) days. Finally, the parties do not provide a reason to extend all remaining deadlines by thirty (30) days. Thus, the Court cannot conclude good cause exists to do so. The Court will authorize some overlap of fact and expert discovery but requires a good cause showing to extend other dates.

Based on the above, the Court **GRANTS IN PART and DENIES IN PART** the parties' joint motion and further **ORDERS** as follows:

1. All fact discovery shall be completed by all parties by **December 9, 2024**.

2. The Court **DENIES** the parties' request to extend all other deadlines. All substantive provisions and other deadlines set forth in the Court's Scheduling Order, ECF No. 28, remain in effect.

**IT IS SO ORDERED**.

Dated: October 21, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge